UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDEEP SIGNH,

Plaintiff,

v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, *et al.*

Defendants.

No. 1:26-cv-2910-JLT-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER

(ECF Nos. 8, 13)

THIRTY-DAY DEADLINE

## I. INTRODUCTION

Plaintiff Amandeep Singh is proceeding *pro se* in this civil action seeking relief under the Administrative Procedure Act, 5 U.S.C. § 555(b) and 706, and the Mandamus Act, 28 U.S.C. § 1361 for Writ of Mandamus. (ECF No. 1)

On July 8, 2026, Defendants filed a motion to dismiss. (ECF No. 8). Plaintiff had fourteen days to file his response but failed to do so. On August 27, 2027, the Court issued an order requiring Plaintiff to file an opposition or a notice of non-opposition to Defendants' motion to dismiss within twenty-one (21) days. (ECF No. 13). The Court advised Plaintiff that

> If Plaintiff fails to comply with this order, the Court may recommend that Defendants' motion to dismiss be granted, or that this case be dismissed for failure to prosecute and failure to comply with a court order.

(*Id.* at 2).

The twenty-one (21) day deadline has passed, and Plaintiff has failed to file an opposition

or notice of non-opposition to Defendants' motion to dismiss. As such, for the reasons set forth, the Court shall recommend this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

## II. BACKGROUND

Plaintiff filed the current Complaint on April 17, 2026, seeking relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) and 706, and the Mandamus Act, 28 U.S.C. § 1361 for Writ of Mandamus. (ECF No. 1). In the complaint, Plaintiff seeks adjudication of his Form I-485, Application to Register Permanent Residence or Adjust Status. (*Id.* at 6).

On December 13, 2024, USCIS granted Plaintiff's asylum application. (*Id.* at 9). Plaintiff filed his application to Adjust Status on March 31, 2025. (*Id.* at 7.) Since filing the application, USCIS has taken the following actions on the pending of the Subject Application to Adjust Status: (1) Issued Notice Informing Applicant of fingerprints and biometrics reuse on March 31, 2025; (2) Issued Interview Notice on May 22, 2026; and (3) Conducted interview of Plaintiff on June 8, 2026. (ECF No. 8 at 2).

## III. DEFENDANTS' MOTION TO DISMISS

Defendants filed a motion to dismiss on July 8, 2026. (ECF No. 8). The assigned district judge referred the motion to the undersigned for the preparation of findings and recommendations on July 9, 2026. (ECF No. 9).

In the motion, Defendants seek dismissal of the action under Federal Rule of Civil Procedure 12(b)(1) because (1) section 701(a)(2) of the Administrative Procedures Act ("APA") precludes judicial review since adjustment of status under 8 U.S.C. § 1255 (a), including whether and when to adjust status, is discretionary; (2) 8 U.S.C. § 1252(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA") deprives this Court of jurisdiction over Plaintiff's challenge to the pace at which the subject I-485 application is adjudicated; and (3) the delay in adjudication is not unreasonable under the law. (ECF No. 8 at 3).

Defendants argue the court lacks jurisdiction under the INA regarding USCIS's "pace of adjudication. (*Id.* at 4). Furthermore, Defendants argue that Plaintiff has not demonstrated that USCIS is required to adjudicate his application within a statutory timeline. (*Id.* at 5). Finally,

Defendants state that, while they have a "non-discretionary duty to adjudicate within a certain time," the current delay is not unreasonable. Specifically, Plaintiff's application is well within normal processing times because Plaintiff's asylum application was granted on December 13, 2024, and he submitted his application to Adjust Status on March 31, 2025. (*Id.* at 6). As such, the application had only been pending for twelve months when he filed his Complaint on April 17, 2026, and the current processing time for an asylee adjustment application is 31 months. (*Id.*).

## IV. PLAINTIFF'S FAILURE TO RESPOND

Under Local Rule 230, Plaintiff's opposition was due within 14 days, or no later than July 22, 2026. *See* Local Rule 230(c). Plaintiff failed to file an opposition or non-opposition by the deadline to do so, and on August 27, 2026, the Court issued an order providing Plaintiff with an additional twenty-one (21) days to file an opposition or notice of non-opposition to Defendants' motion to dismiss. (ECF No. 13). The Court advised Plaintiff that failure to comply with the order, may result in the Court recommending that "Defendants' motion to dismiss be granted, or that this case be dismissed for failure to prosecute and failure to comply with a court order." (*Id.* at 2). As of the date of this order, Plaintiff has not yet complied with the order, and the time to do so has passed.

## V. DISCUSSION

Based on Plaintiff's failure to respond to Defendants' Motion to Dismiss and failure to comply with the Local Rules and the Court's order, the Court recommends dismissal of the case without prejudice.

Local Rules require that when responding to a civil motion filed within the Eastern District, Local Rule 230 (c) provides that "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." E.D. Loc. Rule 230(c). District courts also have broad discretion to enact and apply local rules, including granting a motion to dismiss for failure to comply with the local rules. *Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming grant of unopposed motion to dismiss under local rule by deeming *pro se* litigant's failure to oppose as consent to granting motion).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

> (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff's violation of Local Rule 230 by failing to file opposition or non-opposition to the motion to dismiss has interfered with the expeditious litigation of this action. Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.)* (citations omitted). Plaintiff has failed to respond to Defendants' motion or to the Court's order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.)* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Further, by failing to respond to the Court's order or Defendants' motion to dismiss, Defendants have been prejudiced by delay in the case. Notably, Plaintiff was given three months to file an opposition or non-opposition. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's lack of response and given the stage of these proceedings, the preclusion

of evidence or witnesses is not available, and the Court can find no less drastic sanction. Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Additionally, the Court deems Plaintiff's failure to oppose the Motion to Dismiss and failure to appear at the hearing as consent to dismissal. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.)*

After weighing the factors, the Court recommends dismissal of the case without prejudice.

## VI. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.**

\\\

\\\

\\\

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 6, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE